ZECHARIAH CHAFEE *vs.* WILLIAM SPRAGUE.

At the hearing of a plaintiff's petition for a new trial of an action of ejectment, on the ground that the verdict was against the evidence, it appeared that the only evidence on the record, and allowed by the justice presiding at the trial, related to the defendant's possession. The time prescribed for the allowance of evidence, under the 48th rule of practice at law, had expired.

*Held,* that the plaintiff could not amend the allowed statement of evidence by affidavits setting forth what the other evidence in the case was, and showing that the only matter submitted to the jury by the presiding justice was the question of possession.

*Held,* further, that the plaintiff was entitled to show to the court, by proof, that the only question submitted to the jury was that of the defendant's possession.

*Held,* further, it being shown by affidavits that the presiding justice ruled as matter of law in the plaintiff's favor on all questions save that of possession, which was alone submitted to the jury, that the court would consider the petition for a new trial on the allowed evidence.

PLAINTIFF'S petition for a new trial.

*Providence, July* 18, 1885. TILLINGHAST, J. This is a petition for a new trial, preferred by the plaintiff on the ground that the verdict is against the evidence. The action is ejectment to recover possession of the premises known as Canonchet, in South Kingstown, and was tried in the Court of Common Pleas sitting at Westerly on the 18th and 19th days of January, 1883, and resulted in a verdict for the defendant.

The first question which we are called to pass upon is, whether the statement of evidence allowed by the judge below, and brought upon the record, is sufficient to give the court jurisdiction to hear the petition. The 48th rule of practice provides as follows, viz.: " Motions or petitions for a new trial, founded on any alleged error in the rulings or charge of the court, or upon the ground that the verdict is against evidence, shall be accompanied by, or contain a written statement of, the portion of the charge or of the rulings complained of, or of the evidence, in substance, against which it is complained the verdict has been rendered; which statement shall have been presented to the judge trying the cause within five days of the time of verdict rendered, for his allowance, if the court shall so long continue in session, and if not, during the session of the court, unless a further time be by him, upon motion and for cause shown, specially given; and no motion or petition for a new trial, for the causes aforesaid,

shall be heard, unless the same shall have been presented for allowance as aforesaid, and, excepting cases of death, removal, or disability, allowed in writing by the judge who has tried the same."

Within the time given by the judge below in this case, after verdict rendered, the plaintiff presented for allowance a stenographic report of that part of the evidence which related to the defendant's being in possession of the premises described in the declaration at and before the date of the plaintiff's writ. This report or statement was allowed by the judge, and is a part of the record in the case. That part of the evidence submitted at the jury trial, which related to the other branches of the case, namely, title and the right to immediate possession in the plaintiff, was not presented for allowance, and is not, therefore, a part of the record.

At the first hearing in this court, it being suggested by defendant's counsel that the statement of evidence on file was not, and did not purport to be, a full and complete report of all the evidence submitted at the jury trial, but only of that part bearing upon the question of possession by defendant, the court declined to proceed with the trial, on the ground that, so far as the record appeared, the jury might have decided the case upon one of the other issues raised by the pleadings, and not upon the one involved in the testimony presented, there being nothing then before the court to show that this was the only issue which was left to them to decide.

The plaintiff's counsel then applied to the judge below to allow all of the evidence submitted at the jury trial, a complete stenographic report thereof, together with the charge and rulings of the court, etc., being presented to him for this purpose. This he declined to do, on the ground that he then was without authority under said rule of practice, the five days having long since elapsed. Thereupon the plaintiff filed affidavits setting forth what the other evidence in the case was, and also setting forth the fact that the only question submitted to the jury was the one relating to possession by the defendant, the court having ruled as matter of law that the plaintiff was entitled to recover on the other issues raised in the case. He now asks the court to allow

him to amend the original statement of evidence by these affidavits. This we cannot do under the rule as heretofore construed by this court. *Potter* v. *Padelford*, 3 R. I. 162, 169; *Olney, Receiver*, v. *Chadsey*, 7 R. I. 224, 229; *Peck* v. *Parkis*, 8 R. I. 364.

He claims, however, that, even if not permitted to amend his statement of the evidence in this way, he has a right to show by proof that, as a matter of fact, the only question which was submitted to the jury was that relating to the defendant's possession of the premises in dispute; and that, having proved this, the court has jurisdiction to hear his petition for a new trial, because he thus brings himself clearly within the rule.

We think this position is well taken. The rule does not require all of the evidence offered in a case to be incorporated in the statement, but only " the portion . . . of the evidence, in substance, against which it is complained the verdict has been rendered." And the rule is in no wise infringed upon by allowing the petitioner to prove, by affidavit or otherwise, that there was but one question submitted to the jury, and also what that question was. In the case at bar, the affidavits, which are undisputed, show that the judge below instructed the jury that, as matter of law, the plaintiff was entitled, upon the evidence, to recover, so far as the questions of title and the right to immediate possession were concerned, and that they need not consider the evidence bearing upon those issues, but only that bearing upon the question of the defendant's possession. All of the evidence, therefore, which the jury had any right to consider, and upon which they must have based their verdict, is now before the court, in strict accordance with said rule. There is no occasion for the evidence submitted upon the other issues to be brought here, or, if here, to be considered by the court. It would, therefore, simply be an incumbrance to the record.

It appearing, then, beyond dispute or question, that all of the evidence which was before the jury for their consideration is now regularly brought upon the record under the rule, it only remains for the court to say whether the verdict is clearly and palpably against that evidence. We entertain no doubt that it is. Considerable evidence was offered by the plaintiff strongly tending to

prove that the defendant was, and long had been, in the actual possession and control of the premises in dispute. One of the pleas filed by him was to the effect that, for more than twenty years next before the preferring of the plaintiff's writ, the defendant, and those from whom he derived his title, had been in the uninterrupted and actual possession of the premises; and there was no evidence whatsoever offered by the defendant to the contrary. We think the verdict was against the strong preponderance of the evidence, and, therefore, ought to be set aside, and a new trial granted. *Petition granted.*

*Benjamin F. Thurston, Charles Hart, James Tillinghast,* and *C. Frank Parkhurst,* for plaintiff.

*Abraham Payne, Elisha C. Clarke,* and *Andrew B. Patton,* for defendant.